UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEREK BURPO,** | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 2:22-cv-00577-MHH |
| | } |
| **FAIRFIELD HOUSING AUTHORITY,** | } |
| | } |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

Defendant Fairfield Housing Authority has moved for summary judgment on former employee Derek Burpo's Title VII retaliation and hostile work environment claims. (Doc. 24; Doc. 26; Doc. 1, p. 9, ¶ 16). Fairfield contends that it is not a Title VII "employer" because it did not have enough employees during the period relevant to Mr. Burpo's claims to garner "employer" status. (Doc. 26, pp. 5–6). To address this issue, the Court first summarizes the legal standard that we use to resolve a summary judgment motion. Then, applying that standard, the Court summarizes the evidence relevant to the issue, presenting the evidence in the light most favorable to Mr. Burpo. Finally, the Court evaluates the relevant evidence under Title VII's definition of "employer."

## I.

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To demonstrate a genuine dispute as to a material fact that precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

When considering a motion for summary judgment, a district court must view the evidence in the record in the light most favorable to the non-moving party and draw reasonable inferences in favor of the non-moving party. *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015). "A litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment." *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018); *see also Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) ("To be sure, Feliciano's sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage."). Even if a district court doubts the

veracity of the evidence, the court cannot make credibility determinations; that is the work of a factfinder. *Feliciano*, 707 F.3d at 1252 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Still, conclusory statements in a declaration cannot by themselves create a genuine issue of material fact. *See Stein*, 881 F.3d at 857 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## II.

In his complaint, Mr. Burpo alleges that Fairfield retaliated against him by terminating his employment after he filed a charge of discrimination with the Equal Employment Opportunity Commission and contacted the United States Department of Housing and Urban Development. (Doc. 1, pp. 8–10, ¶¶ 4–22). Fairfield moved to dismiss Mr. Burpo's complaint. Fairfield argued then that Mr. Burpo's claim could not proceed because Fairfield did not qualify as an employer under Title VII during the period relevant to Mr. Burpo's claims. (Doc. 4, p. 2, ¶ 1B). Mr. Burpo asked for an opportunity to conduct "limited discovery on the issue of the number of employees." (Doc. 11, p. 3). The Court denied Fairfield's motion to dismiss and gave the parties 45 days to conduct discovery related to Fairfield's status as an employer under Title VII. (Doc. 12).

After the discovery period closed, Mr. Burpo filed a report in which he stated that he was "aware of more employees that worked for [Fairfield] during this time period than were documented in [Fairfield]'s documents." (Doc. 15, p. 1, ¶ 3). Mr.

3

Burpo requested additional discovery, and the Court provided additional time for discovery. (Doc. 15, p. 2; Doc. 20). After that second discovery period ended, Fairfield filed its summary judgment motion.

In its motion, Fairfield argues again that it did not qualify as an employer under Title VII during the relevant time period. (Doc. 26, pp. 5–6). Fairfield attached to its motion the affidavit of Shannon Eady, Fairfield's Executive Director. (Doc. 25-3, p. 1). In her affidavit, Ms. Eady states:

> I am familiar with the records of the Authority for the twenty or more calendar weeks during the preceding calendar year as of April 7, 2021 (the date of Mr. Burpo's termination). I have reviewed the Authority's payroll records from January 2020 through April 9, 2021 (the last billing period which included Mr. Burpo's termination date). A summary of [those records] is attached . . . Said records indicate that the Authority has not had fifteen or more employees for each working day of each of the twenty or more calendar weeks in the current or preceding calendar year as of the date of Mr. Burpo's termination.

(Doc. 25-3, pp. 1–2). The summary attached to Ms. Eady's affidavit provides total numbers of regular and temporary employees on a bi-weekly basis from December 23, 2019 until December 18, 2020. (Doc. 25-3, p. 5). The summary indicates that Fairfield had twelve regular employees throughout this time, and Fairfield between zero and three temporary employees in each bi-weekly period. With temporary employees, Fairfield had fifteen employees between January 18, 2021 and March 26, 2021. (Doc. 25-3, p. 5). In all other bi-weekly periods between December 2019

4

and December 2020, Fairfield had fewer than 15 total employees, including temporary employees. (Doc. 25-3, p. 5).

In his declaration, Mr. Burpo disputes this data. He states that "[d]uring [his] employment in 2020 and 2021, Fairfield Housing Authority had 15 or more employees for that entire time period." (Doc. 32-1, p. 1, ¶ 3). Mr. Burpo has not offered records or other evidence to support his assertion.

### III.

Title VII of the Civil Rights Act of 1964 does not cover all employers. Under Title VII, an "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b).[1] Therefore, for Fairfield to qualify as a Title VII employer, Fairfield must have had at least fifteen employees or agents during at least twenty weeks of the year preceding or the year of Mr. Burpo's termination. *See Walters v. Metro Educ. Enters., Inc.*, 519 U.S. 202, 205 (1997) (citation omitted) (indicating employer must meet statutory definition of employer at the time of the alleged retaliation). "[T]he threshold number of employees for application of Title

---

[1] Mr. Burpo has not argued that Fairfield had "agents" who should count toward the statutory threshold for employer status. For purposes of this opinion, the Court does not need to determine whether a temporary employee, perhaps secured on a contract basis through a temporary service, qualifies as an employee or as an agent.

5

VII is an element of a plaintiff's claim for relief," so Mr. Burpo bears the burden of proof on this question. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006).

"[I]n determining the existence of an employment relationship, [courts] look first and primarily to whether the individual in question appears on the employer's payroll." *Walters*, 519 U.S. at 211. Still, "the ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question." *Walters*, 519 U.S. at 212.

Fairfield terminated Mr. Burpo on April 7, 2021. (Doc. 25-3, p. 1; Doc. 32-1, p. 1, ¶ 2). The calendar years of 2020 and 2021 thus constitute the relevant period for calculating the number of Fairfield employees in this case. *See* 42 U.S.C. § 2000e(b). Fairfield's summary of its payroll records indicates that Fairfield did not have more than thirteen employees in 2020. (Doc. 25-3, p. 5). In 2021, the summary document shows that Fairfield had fifteen employees from January 18, 2021 until March 26, 2021—a time frame of ten weeks. (Doc. 25-3, p. 5).

Mr. Burpo argues that he has created a question of fact on this issue by stating in his declaration that Fairfield had more than fifteen employees during 2020 and the portion of 2021 in which Fairfield employed him. (Doc. 32-1, p. 1, ¶ 3). Mr. Burpo offers no records to support this contention, and he does not state the number

6

of employees that Fairfield had in any period. (*See* Doc. 32-1). In his brief, Mr. Burpo argues that he "has first-hand knowledge of the employees (and number thereof) he worked beside during his tenure at Fairfield." (Doc. 32, p. 8).

As noted at the outset of this opinion, generally, "[a] litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment." *Stein*, 881 F.3d at 857; *see also Feliciano*, 707 F.3d at 1253 ("To be sure, Feliciano's sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage."). But, the Eleventh Circuit has identified an exception to this general rule in the context of Title VII cases in which payroll records provide evidence related to a factual issue in the case. *Vazquez v. Melamed*, 598 Fed. Appx. 760, 760–61 (11th Cir. 2015) (per curiam) (citing *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (per curiam), *abrogated on other grounds by Lewis v. City of Union City*, 918 F.3d 1213 (11th Cir. 2019) (en banc)).

In *Vazquez*, using payroll records that "clearly demonstrated that it never had more than 14 employees on its payroll at any point during the relevant time period," the defendant employer moved for summary judgment. *Vazquez*, 598 Fed. Appx. at 760–61. The Eleventh Circuit affirmed the district court's grant of summary judgment for the employer because "[a]lthough Vazquez argued that [the employer] actually employed more individuals than those listed on its payroll, he failed to produce any evidence in support of this claim. Vazquez's conclusory assertion that

7

[the employer] employed more than 15 employees cannot save the day." *Vazquez*, 598 Fed. Appx. at 761 (citing *Holifield*, 115 F.3d at 1564 n.6, *abrogated on other grounds by Lewis*, 918 F.3d 1213). Thus, in contrast to the broad rule articulated in *Stein* and *Feliciano*, when an employer in defense of a Title VII claim examines its employment records and asserts to a court under penalty of perjury that its records reflect a particular data point, a plaintiff cannot contradict the data simply by stating that the data is incorrect. Rather, a plaintiff must provide some contradictory data or some other evidence to support the plaintiff's assertion that the employer's data is inaccurate.

Here, as in *Vazquez*, Fairfield's summary of its payroll records indicates that it did not have fifteen or more employees for 20 weeks so as to accord Fairfield "employer" status under Title VII. (*See* Doc. 25-3, p. 5); *Vazquez*, 598 Fed. Appx. at 760–61. As in *Vazquez*, Mr. Burpo has attempted to rebut Fairfield's showing with an unsupported assertion in his declaration that "[d]uring [his] employment in 2020 and 2021, Fairfield Housing Authority had 15 or more employees for that entire time period." (Doc. 32-1, p. 1, ¶ 3); *see Vazquez*, 598 Fed. Appx. at 760–61. Mr. Burpo's declaration "cannot save the day;" he has not created a genuine issue of material fact as to the number of employees Fairfield had during the period relevant to his Title VII claims. *See Vazquez*, 598 Fed. Appx. at 761; Fed. R. Civ. P. 56(a). Therefore,

8

as a matter of law, Fairfield Housing Authority does not constitute an employer for the purposes of Mr. Burpo's Title VII claims.

## IV.

Accordingly, the Court grants Fairfield's motion for summary judgment. The Court asks the Clerk to please TERM Docs. 24 and 26. The Court also asks the Clerk to please TERM Doc. 28 as moot.[2] The Court will enter a final judgment in favor of the Fairfield Housing Authority.

**DONE** and **ORDERED** this April 4, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] In Doc. 28, Mr. Burpo moved to withdraw or amend admissions. (*See* Doc. 28). He also asked again for "limited discovery on the issue of the number of employees." (Doc. 28, p. 9). The Court denies Mr. Burpo's request for additional discovery because the Court already has provided the parties ample time for discovery on the employer issue, and the parties' evidence on the employer issue has not changed materially as a result. (*See* Doc. 4, pp. 2, 4–5; Doc. 11, p. 3; Doc. 26, pp. 5–6; Doc. 32, pp. 7–8). Because the Court did not reach the issue of Mr. Burpo's admissions to resolve Fairfield's motion for summary judgment, the Court denies Mr. Burpo's motion to withdraw or amend his admissions as moot.